PEOPLE v TAYLOR

Docket No. 80128. Submitted June 18, 1985, at Lansing.—Decided July 24, 1985.

Ricky L. Taylor was convicted, on his plea of guilty, of jail breaking through use of violence, Eaton Circuit Court, Stanley E. Everett, J. He was sentenced to a prison term to be served consecutively to the sentence, for another offense, which had been imposed immediately prior to the jail breaking offense. Defendant appealed. *Held:*

1. Defendant was adequately notified, by the language of the information, that he was being charged as a prison inmate and that he was therefore subject to a consecutive sentence.

2. Defendant challenged the accuracy of some information contained in the presentence report. The trial court made no finding of inaccuracy, but sentenced defendant without taking into consideration the challenged information. The defendant was entitled to have that information stricken from the presentence report to prevent potentially false information from being transmitted to the Department of Corrections.

Affirmed, but remanded for correction of the presentence report.

CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

A sentencing court has discretion to sentence a defendant without taking into consideration information contained in the presentence report to which the defendant has objected on the basis of inaccuracy; in doing so, however, the court does not thereby prevent potentially false information from being transmitted to the Department of Corrections and, therefore, the defendant is entitled to have that information stricken from the presentence report (MCL 771.14[5]; MSA 28.1144[5]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *G. Michael Hocking,*

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Criminal Law §§ 525 *et seq.*
Defendant's right to disclosure of presentence reports. 40 ALR3d 681.

Prosecuting Attorney, and *Jeffrey L. Sauter,* Chief Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: ALLEN, P.J., and WAHLS and J. P. O'BRIEN,* JJ.

PER CURIAM. Defendant pled guilty as charged of jail breaking through use of violence, MCL 750.197c; MSA 28.394(3). He was sentenced to a prison term of from 18 months to 4 years, to be served consecutively to the sentence he had received immediately before the jail breaking. Defendant appeals as of right.

Defendant first argues that he should have been charged by supplemental information with being an "inmate", thus giving him notice of the consecutive sentencing requirement of MCL 768.7a; MSA 28.1030(1). This argument is without merit; defendant had reasonable notice that he was charged as a prison inmate from the original charge in this case:

"[D]id, being a person lawfully imprisoned in a jail or other place of confinement established by law, to-wit: 56th District Court holding cell, break the place of confinement, although an escape was not actually made, through the use of violence, threats of violence or dangerous weapons, *while awaiting or during transfer to or from prison* after sentence. Contrary to MCL 750.197c; MSA 28.394(3)." (Emphasis added.)

We affirm defendant's consecutive sentence.

Defendant next argues that he is entitled to a "corrected" presentence report which reflects his

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

objections to inaccuracy, made at the time of sentencing, which objections were sustained.

MCL 771.14(5); MSA 28.1144(5), provides:

"At the time of sentencing, either party may challenge, on the record, the accuracy or relevancy of any information contained in the presentence investigation report. The court may order an adjournment to permit the parties to prepare a challenge or a response to a challenge. If the court finds that the challenged information is inaccurate or irrelevant, that finding shall be made a part of the record and the presentence investigation report shall be amended and the inaccurate or irrelevant information shall be stricken accordingly before the report is transmitted to the department of corrections."

In this case, defendant did challenge the accuracy of information contained in the presentence report. However, the court did not make a finding of inaccuracy but chose to proceed with sentencing without taking into consideration the challenged information. This course of action was within the court's discretion, and protected defendant from being sentenced on false information. *People v Edenburn,* 133 Mich App 255; 349 NW2d 151 (1983).

However, the court's action did not prevent potentially false information from going to the Department of Corrections, contrary to the intent of the above statute. While defendant has relied on the statute for the first time on this appeal, and does not even now address "relevancy", proper disposition of the question presented requires the following holding. When a court, for purposes of expediency, efficiency or otherwise, disregards information challenged as inaccurate, the court in effect determines that the information is irrelevant to sentencing. The defendant is therefore

entitled to have that information stricken. Accordingly, we remand for the challenged parts of defendant's presentence investigation report to be stricken.

Conviction and sentence affirmed. Remanded for correction of presentence report.