*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 12, 2026
9:12 AM

Plaintiff-Appellee,

v

No. 376396
Jackson Circuit Court
LC No. 2022-001102-FH

RAYMOND LOUIS TREADWAY,

Defendant-Appellant.

Before: KOROBKIN, P.J., and RIORDAN and MARIANI, JJ.

PER CURIAM.

Defendant, Raymond Louis Treadway, appeals by right following resentencing. This Court previously affirmed defendant's conviction for domestic violence, third offense, MCL 750.81(2) and (5), as a fourth-offense habitual offender, MCL 769.12, but vacated his sentence because the trial court erred in the scoring of defendant's guidelines.[1] Defendant now argues that he was resentenced on the basis of inaccurate information and that his sentence was disproportionate. For the reasons below, we disagree and therefore affirm, but remand for the ministerial purpose of correcting defendant's presentence investigation report (PSIR).

## I. BACKGROUND AND FACTS

This Court summarized the facts of the case in the previous appeal as follows:

Defendant and the victim had been dating and living together for almost two years when they had an argument. Defendant threatened her, hit her in the face with either an open or closed fist, and struck her across the back multiple times with what was described as a flexible, thin, orange, "construction rod." As the

---

[1] *People v Treadway*, unpublished per curiam opinion of the Court of Appeals, issued October 22, 2024 (Docket No. 366323).

altercation continued, and while the victim was on the floor, defendant stomped on her leg and face.[2]

The trial court initially imposed a sentence of 76 months to 20 years, within but at the top of a guidelines range of 24 to 76 months. On appeal, we determined that defendant's guidelines range should have been calculated at 22 to 76 months; in other words, the bottom of the correct guidelines range was two months lower than the trial court had calculated. Because errors in sentencing that alter a defendant's guidelines range require resentencing, see *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006), we vacated defendant's sentence and remanded for resentencing consistent with our opinion.

On remand, the trial court imposed the same sentence: 76 months to 20 years.[3] Defendant's new sentence accordingly falls within, but at the top of, the corrected guidelines range.

Defendant now appeals.

## II. ANALYSIS

### A. INACCURATE INFORMATION

Defendant first argues that he is entitled to resentencing because he was sentenced on the basis of inaccurate information. We disagree.

Defendant argues that the presentencing information report (PSIR) is inaccurate. Specifically, he argues that the PSIR fails to reflect the guidelines correction that this Court ordered in its opinion. Further, he asserts that it is impossible to determine whether the trial court considered the corrected lower guidelines because the trial court did not reference the change during sentencing.

"A defendant is entitled to be sentenced . . . on the basis of accurate information." *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). Accordingly, "[w]hen the defendant's sentence is . . . based on inaccurate information, a remand for resentencing is required." *People v Jackson*, 487 Mich 783, 792; 790 NW2d 340 (2010) (emphasis omitted). "This Court reviews a trial court's response to a defendant's challenge to the accuracy of a PSIR for an abuse of discretion." *People v Maben*, 313 Mich App 545, 552; 884 NW2d 314 (2015) (quotation marks and citation omitted).

We agree with defendant that the PSIR was not amended to reflect the corrected guidelines, as does the prosecution. But the dispositive question is whether the trial court relied upon inaccurate information in resentencing defendant. See *Jackson*, 487 Mich at 792. Documentation provided to the trial court, including the presentencing case report and defendant's sentencing

---

[2] *Id.* at 1 (footnote omitted).

[3] The judgment of resentence was later amended because it omitted defendant's status as a fourth-offense habitual offender.

memorandum, reflects the corrected guideline range. And during the resentencing hearing, defense counsel requested that defendant be sentenced to the bottom of the guidelines range, specifying a duration of 22 months, and the prosecutor likewise acknowledged that the guidelines had adjusted downward by two months. "[W]hen a court . . . disregards information challenged as inaccurate, the court in effect determines that the information is irrelevant to sentencing." *People v Taylor*, 146 Mich App 203, 205-206; 380 NW2d 47 (1985). Thus, although the trial court itself did not comment on the guidelines range, the court was apprised of the correct range from multiple sources and nothing in the record suggests that the trial court relied on the wrong guidelines range.

Because the trial court did not rely upon an inaccurate guidelines range, defendant is not entitled to resentencing. See *Jackson*, 487 Mich at 79. That said, inaccuracies in a PSIR "may have ramifications for purposes of security classification or parole consideration when appropriate." *Maben*, 313 Mich App at 553 (quotation marks and citation omitted). Therefore, and noting the prosecution's concession that the PSIR was not correct, we remand for the ministerial purpose of correcting the PSIR to reflect the correct guidelines range. See *Taylor*, 146 Mich App at 205-206 (holding that a defendant is entitled to have information deemed irrelevant to sentencing stricken from the PSIR); see also *People v Harmon*, 248 Mich App 522, 534; 640 NW2d 314 (2001) (remanding for "the ministerial task of correcting the presentence investigation report"); *People v Knepper*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363191); slip op at 9 (affirming sentence but remanding for the limited purpose of modifying the PSIR).

## B. PROPORTIONALITY

Defendant also challenges the proportionality of his sentence. We disagree that defendant's sentence is disproportionate.

"[D]efendants may challenge the proportionality of any sentence on appeal and [] the sentence is to be reviewed for reasonableness." *People v Posey*, 512 Mich 317, 360; 1 NW3d 101 (2023) (opinion by BOLDEN, J.).[4] Challenges to the proportionality of a sentence are reviewed for abuse of discretion. *Id.* at 325; *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). "A trial court abuses its discretion if the imposed sentence is not 'proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Ventour*, 349 Mich App 417, 429; 27 NW3d 660 (2023), quoting *Steanhouse*, 500 Mich at 459-460.

The presumption that a within-guidelines sentence is proportionate may be overcome. *Posey*, 512 Mich at 360. To do so, a defendant must present "unusual circumstances that would

---

[4] Justice BOLDEN's plurality opinion, joined by Justice BERNSTEIN, is not binding on its own, but in concurring opinions, Justices CAVANAGH and WELCH agreed that within-guidelines sentences are reviewed for reasonableness and carry a rebuttable presumption of proportionality. See *Posey*, 512 Mich at 361, 390 (CAVANAGH, J., concurring); *id*. at 390, 411-414 (WELCH, J., concurring). We treat the principles articulated in Justice BOLDEN's lead opinion as controlling. See *People v Posey (On Remand)*, 349 Mich App 199, 203; 27 NW3d 137 (2023); *People v Purdle*, 350 Mich App 446, 453-454; 32 NW3d 479 (2024).

render the presumptively proportionate sentence disproportionate." *Ventour*, 349 Mich App at 430 (quotation marks and citation omitted). Unusual circumstances are uncommon or rare. *Id.*

Defendant argues that his sentence is disproportionate, focusing on the fact that the trial court did not consider the mitigating circumstances that defendant had never received domestic violence counseling previously and that defendant had a history of domestic violence in his family, nor did the trial court mention the change to the guidelines range. As discussed above, we disagree that the trial court misapprehended the guidelines range. And even assuming that defendant's failure to obtain domestic violence counseling before the current period of incarceration and his family history of domestic violence are mitigating factors, defendant has failed to show that these factors are particularly unusual such that his within-guidelines sentence was disproportionate. See *Ventour*, 349 Mich App at 430.

Review of the record reveals that the trial court considered "punishment, rehabilitation[] prospects, deterrence, and protection of society," the traditional objectives of sentencing in Michigan. See *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972); *People v Bennett*, 335 Mich App 409, 418; 966 NW2d 768 (2021). The trial court observed that defendant had "ten felonies, twenty[-]one misdemeanors, and a juvenile record." Indeed, defendant has a long history of assaultive offenses, including multiple charges and convictions for resisting and obstructing as well as domestic violence. The court also acknowledged that defendant had "made some progress" and "taken some classes in prison," but that defendant's criminal history reflected that he would be "out for a little while and then [defendant would do] something else." In other words, the trial court doubted defendant's rehabilitation prospects in light of his history and sought to protect society from defendant committing more crimes. In imposing the sentence, the trial court recognized the work defendant had done recently in prison, such as by completing a batterer's intervention program and maintaining good conduct, but tempered that recognition given defendant's significant and lengthy criminal record and pattern of committing another offense shortly after release from prison or jail. The trial court reasonably determined that a shorter period of incarceration would be ineffective to deter defendant from committing future offenses.

In sum, defendant has not rebutted the presumption that his within-guidelines sentence was proportionate to the offense and the offender. See *Ventour*, 349 Mich App at 429.

## III. CONCLUSION

We conclude that defendant's arguments that he was sentenced on the basis of inaccurate information and that his sentence was disproportionate lack merit. Therefore, defendant's sentence is affirmed. We remand for ministerial correction of the PSIR to reflect the correct guidelines range. We do not retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Michael J. Riordan
/s/ Philip P. Mariani