*In re* FAKETTY

Docket No. 56343. Submitted May 4, 1982, at Sault Ste. Marie.—
Decided September 24, 1982.

Patrick S. Faketty acquired a juvenile record in 1962 for mali-
cious destruction of property. On January 22, 1978, he attained
the age of 27 years. In August, 1979, he was placed under the
jurisdiction of the Michigan Department of Corrections. Faket-
ty's juvenile record appeared in the department's files and was
allegedly critical to the denial of his requests to participate in
community placement programs. On September 23, 1980, he
petitioned the Probate Court for the County of Schoolcraft for
expunction of his juvenile record and for an order directing the
Department of Corrections to expunge his juvenile record from
its files. The probate court granted the petition for expunction
of the juvenile record maintained by the probate court but
denied the request for the expunction of the juvenile record in
the possession of the Department of Corrections on the basis
that the department was not a "law enforcement agency"
within the meaning of the juvenile court rule regarding ex-
punction of records. Faketty appealed to the Schoolcraft Circuit
Court, William F. Hood, J., which affirmed the probate court's
decision. Faketty then appealed to the Court of Appeals, by
leave granted. *Held:*

1. The term "law enforcement agency" as used in the juve-
nile court rule regarding expunction of records refers to those
agencies charged with the prevention and detection of crime
and enforcement of the general criminal laws of the state.

2. The probate court and the circuit court correctly ruled
that the Department of Corrections is not a "law enforcement
agency" within the meaning of the juvenile court rule since the

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5, 6, 8, 9] 47 Am Jur 2d, Juvenile Courts and Delinquent and
Dependent Children § 59.

Expungement of juvenile court records. 71 ALR3d 753.

[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 243 *et
seq.*

70 Am Jur 2d, Sheriffs, Police, and Constables §§ 1, 21.

[4, 6, 7, 9] 60 Am Jur 2d, Penal and Correctional Institutions §§ 3-5.

department is not charged with the enforcement of the general criminal laws and its powers relate solely to administration of penal institutions, probation, pardons, paroles and commutations and other corrections functions.

3. The mandatory expunction provided in the juvenile court rule applies only to the probate court's own records. Expunction of law enforcement agency files is discretionary, to be granted upon a showing of good cause.

4. Faketty did not petition the juvenile court to expunge his record from law enforcement agency files until September 23, 1980, long after he came under the jurisdiction of the Department of Corrections. Therefore, the record was properly available to the department through the files of law enforcement agencies whose records were not expunged until October, 1980. Moreover, the record was available to the department through a presentence report prepared by federal court authorities pursuant to a 1970 federal conviction.

Affirmed.

V. J. BRENNAN, J., dissented and would find the Department of Corrections to be a "law enforcement agency" within the meaning of the juvenile court rule because the courts and police cannot enforce the law without the department. He also disagrees with the majority's finding that the department's powers are related solely to administration. He believes that, since the rule prohibits the courts from having access to the record at the sentencing stage, the rule was also intended to prohibit the department, as a law enforcement agency, from having access to the record. He would order the expunction of the record from the department's files.

OPINION OF THE COURT

1. PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS — LAW ENFORCEMENT AGENCIES — JUVENILE COURT RECORDS — EXPUNCTION — JUVENILE COURT RULES.

The Michigan Department of Corrections is not a "law enforcement agency" within the meaning of the juvenile court rule regarding expunction of records (JCR 1969, 13).

2. WORDS AND PHRASES — POLICE OFFICER — LAW ENFORCEMENT OFFICER.

The Law Enforcement Officers Training Council Act of 1965 defines a "police officer" or "law enforcement officer" as a member of a police force or other organization of a city, township, village or of the state, regularly employed as such and who is responsible for the prevention and detection of

crime and the enforcement of the general criminal laws of the state (MCL 28.602[c]; MSA 4.450[2][c]).

3. PRISONS AND PRISONERS — LAW ENFORCEMENT AGENCIES — WORDS AND PHRASES — JUVENILE COURT RECORDS — EXPUNCTION — JUVENILE COURT RULES.

The term "law enforcement agency" as used in the juvenile court rule regarding expunction of records refers to those agencies charged with the prevention and detection of crime and enforcement of the general criminal laws of the state (JCR 1969, 13).

4. PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS — POWERS.

The powers which the Legislature has extended to the Department of Corrections are related solely to the administration of penal institutions, probation, pardons, paroles and commutations and other aspects of the department's corrections functions; the department is not charged with the enforcement of the general criminal laws of the state.

5. COURTS — JUVENILE RECORDS — PROBATE COURT RECORDS — LAW ENFORCEMENT AGENCIES — EXPUNCTION — JUVENILE COURT RULES.

The mandatory expunction of juvenile records provided in the juvenile court rule regarding expunction of records applies only to the probate court's own records; the expunction of law enforcement agency files is discretionary, to be granted upon a showing of good cause (JCR 1969, 13).

DISSENT BY V. J. BRENNAN, J.

6. PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS — LAW ENFORCEMENT AGENCIES — JUVENILE COURT RECORDS — EXPUNCTION — JUVENILE COURT RULES.

*The Michigan Department of Corrections is a "law enforcement agency" within the meaning of the juvenile court rule regarding expunction of records since the courts and police agencies cannot enforce the law without the department (JCR 1969, 13).*

7. PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS — POWERS.

*The powers which the Legislature has extended to the Department of Corrections are not related solely to administration.*

8. COURTS — JUVENILE RECORDS — EXPUNCTION — PURPOSE OF RULE
— JUVENILE COURT RULES.

*The purpose of the juvenile court rule regarding expunction of records is to give an individual a fresh start (JCR 1969, 13).*

9. PRISONS AND PRISONERS — JUVENILE RECORDS — EXPUNCTION —
DEPARTMENT OF CORRECTIONS — LAW ENFORCEMENT AGENCIES
— JUVENILE COURT RULES.

*The juvenile court rule regarding expunction of records was intended to prohibit the Department of Corrections, as a law enforcement agency, from having access to an expunged record (JCR 1969, 13).*

*Frank J. Kelley,* Attorney General, and *Eric J. Eggan,* Assistant Attorney General, for appellee.

*Kendricks, Bordeau, Casselman, Adamini, Keefe & Smith, P.C.* (by *James E. Nancarrow*), for appellant.

Before: R. B. BURNS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Patrick Scott Faketty appeals, by leave granted, from a decision of the circuit court which affirmed the probate court's refusal to order the Michigan Department of Corrections to expunge the appellant's juvenile record from its files.

In 1962, appellant, then 11 years old, acquired a juvenile record for malicious destruction of property. On January 22, 1978, he attained the age of 27 years. In August, 1979, appellant was placed under the jurisdiction of the Michigan Department of Corrections. Appellant's juvenile record appeared in the department's files and was allegedly critical to the denial of his requests to participate in community placement programs.

On September 23, 1980, appellant petitioned the probate court, pursuant to JCR 1969, 13, for expunction of his juvenile record and for an order directing the Department of Corrections to ex-

punge the juvenile record from its files. The probate judge granted the petition for expunction of the juvenile record maintained by the probate court. However, he denied the petition regarding expunction of the record from the Michigan Department of Corrections' files on the basis that the department was not a "law enforcement agency" within the meaning of JCR 1969, 13. The probate court's decision was affirmed on appeal to the circuit court. We granted leave to appeal.

JCR 1969, 13 provides:

"The court may retain a child's juvenile court delinquency records other than those involving motor vehicle violations until the child is 27, when they must be expunged. The court may retain a child's motor vehicle violation citations and summonses until the child is 19, when they must be expunged. The court shall expunge neglect records 25 years after its jurisdiction over the last child in the family ends. The court may at any time order the expunction of its own files and records and any law enforcement agency files and records pertaining to a juvenile, including fingerprints and photographs, on a showing of good cause."

This case presents a question of first impression, namely, whether the Department of Corrections is a "law enforcement agency" within the meaning of JCR 1969, 13.

The Michigan Law Enforcement Officers Training Council Act of 1965, § 2(c), MCL 28.602(c); MSA 4.450(2)(c), contains the following definition:

" 'Police officer' or 'law enforcement officer' means a member of a police force or other organization of a city, county, township, village or of the state, regularly employed as such and *who is responsible for the prevention and detection of crime and the enforcement of the general criminal laws of this state,* but shall not include

any person serving as such solely by virtue of his occupying any other office or position." (Emphasis added.)

See, also, OAG, 1977-1978, No 5133, p 83 (April 1, 1977).

We believe that, as used in JCR 1969, 13, the term "law enforcement agency" refers to those agencies charged with the prevention and detection of crime and enforcement of the general criminal laws of this state.

The jurisdiction of the Department of Corrections is set forth in MCL 791.204; MSA 28.2274:

"Subject to constitutional powers vested in the executive and judicial departments of the state, the department shall have exclusive jurisdiction over the following: (a) Probation officers of this state, and the administration of all orders of probation, (b) pardons, reprieves, commutations and paroles, and (c) penal institutions, correctional farms, probation recovery camps, prison labor and industry, wayward minor programs and youthful trainee institutions and programs for the care and supervision of youthful trainees."

The powers which the Legislature has extended to the department are related solely to the administration of penal institutions, probation, pardons, paroles and commutations and other aspects of the department's corrections functions. It is clear that the department is not charged with the enforcement of the general criminal laws of this state. The probate court and the circuit court correctly ruled that the department is not a "law enforcement agency" within JCR 1969, 13.

Appellant also contends that expunction of the juvenile record from the department's files is required because, had the court rule been complied with, the department would never have received

the record. Appellant argues that upon attaining the age of 27 on January 22, 1978, the record should have been expunged. Appellant contends that since he did not come under the jurisdiction of the department until August, 1979, had the court rule been complied with, the department would never have received information pertaining to his juvenile record. We disagree.

The mandatory expunction provided in JCR 1969, 13, applies only to the probate court's own records. The expunction of law enforcement agency files is discretionary, to be granted upon a showing of good cause. In the present case, appellant did not petition the juvenile court to expunge his juvenile record from law enforcement agency files until September 23, 1980, long after he came under the jurisdiction of the Department of Corrections. Therefore, the juvenile record was properly available to the department through the files of the law enforcement agencies whose records were not expunged until October, 1980. Moreover, the juvenile record was available to the department through a presentence report prepared by federal court authorities pursuant to a 1970 federal conviction.

Affirmed.


V. J. Brennan, J. *(dissenting)*. I respectfully dissent. I find that the Department of Corrections is a "law enforcement agency" for the purposes of JCR 1969, 13 because the courts and police agencies cannot enforce the law without the department. I cannot agree with the majority's finding that the department's powers are related solely to administration.

Moreover, a finding that the Department of Corrections is a "law enforcement agency" is a

reasonable interpretation which supports what appears to me to be the purpose of the rule, to give an individual a fresh start. The majority's construction allows the Department of Corrections to have an individual's juvenile record before a review panel when it decides whether to grant or deny prisoner requests, perhaps becoming a factor in its decision making.[1] On the other hand, the courts and other agencies do not have access to those records per JCR 1969, 13. If a court or law enforcement agency is restricted from using a juvenile record because of the expunction of the record, how does the Department of Corrections obtain any greater privilege or right to the juvenile record? Surely, priorities would dictate that the courts have all available information about a defendant at the sentencing stage. Since the rule prohibits the courts from having access to the juvenile record at that critical stage, I think it naturally follows that the rule was also intended to prohibit the Department of Corrections, as a law enforcement agency, from having access to the record. Therefore, I would order the expunction of the appellant's juvenile record from the file of the Department of Corrections.

[1] In this case, appellant acquired a juvenile record in Schoolcraft County for malicious destruction of property. Appellant was 11 years old at the time. Appellant's juvenile record was allegedly critical to the Department of Corrections' denial of his requests for an opportunity to participate in various work release programs.