PEOPLE v JONES

Docket No. 103693. Submitted July 8, 1988, at Lansing. Decided September 27, 1988.

Jerome Jones was convicted on his plea of guilty of being an inmate in possession of a controlled substance, Jackson Circuit Court, James G. Fleming, J., and received a prison sentence of three to five years. Defendant moved for resentencing, contending that his juvenile record should have been excluded from the presentence report and should not have been considered by the trial court since, at the time of sentencing, he had achieved the age at which expungement of an offender's juvenile court records is mandated by court rule. The trial court denied the motion and defendant appealed.

The Court of Appeals *held:*

1. A defendant's juvenile history should be included in the presentence report and may be considered by the judge at sentencing, since complete information is necessary to set an individualized sentence and the goal of rehabilitating the defendant would not be served by preventing the sentencing judge from considering information about the defendant's juvenile criminal history.

2. MCR 5.913, in effect at the time of defendant's sentencing and since replaced by MCR 5.925, provided for the mandatory expungement of the juvenile court's own records only and not those of law enforcement agencies. Here, where defendant had not obtained an order expunging his juvenile records from the files of law enforcement agencies, the records were legally available from sources other than the juvenile court.

3. The record at the hearing on the motion for resentencing indicates that defendant's sentence would not have been differ-

REFERENCES

Am Jur 2d, Criminal Law §§ 527 *et seq.,* 603.

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 59.

Consideration of accused's juvenile court record in sentencing for offense committed as adult. 64 ALR3d 1291.

Authority of court to order juvenile delinquent incarcerated in adult penal institution. 95 ALR3d 568.

ent had his juvenile record not been included in the presentence report.

Affirmed.

1. CRIMINAL LAW — SENTENCING — JUVENILE RECORDS.

A defendant's juvenile history should be included in the presentence report and may be considered by the judge at sentencing, since complete information is necessary to set an individualized sentence and the goal of rehabilitating the defendant would not be served by preventing the sentencing judge from considering information about the defendant's juvenile criminal history.

2. CRIMINAL LAW — SENTENCING — JUVENILE RECORDS — COURT RULES.

The mandatory expungement of juvenile records provided in the court rule regarding expungement of records applies to the juvenile court's own records only and not to those of law enforcement agencies; the juvenile record of a defendant, who at the time of sentencing has attained the age at which the juvenile court must expunge his record, may be included in a presentence report and considered by the sentencing judge when the defendant has not obtained an order expunging his juvenile record from the files of law enforcement agencies (MCR 5.913, now MCR 5.925).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for defendant on appeal.

Before: BEASLEY, P.J., and SAWYER and T. J. FOLEY,* JJ.

PER CURIAM. Defendant pled guilty to possession by an inmate of a controlled substance, MCL 800.281(4); MSA 28.1621(4). In exchange for defendant's plea, the prosecutor agreed to dismiss a supplemental information. Defendant was sentenced on October 23, 1986, to a prison term of

* Circuit judge, sitting on the Court of Appeals by assignment.

three to five years. Defendant's motion for resentencing was denied by the trial court. Defendant appeals his sentence as of right. We affirm.

Defendant claims on appeal, as in his postsentence motion, that resentencing is required because his juvenile record was erroneously included in the presentence information report and considered by the sentencing judge. Defendant's juvenile record includes ten adjudications for theft offenses. Defendant argues that his juvenile record was expunged at the time of sentencing and could not be considered. At the time of sentencing, MCR 5.913 provided for the expungement of juvenile court records when the offender reached age twenty-seven. At the time he was sentenced, defendant was thirty-one years old. (MCR 5.913 was replaced by MCR 5.925, effective January 1, 1988.)

We hold that defendant's juvenile record was properly included in the presentence report. Modern sentencing policy attempts to tailor the sentence to the particular offender and the circumstances of the case. *People v McFarlin*, 389 Mich 557, 574; 208 NW2d 504 (1973). In *McFarlin*, our Supreme Court held that a defendant's juvenile history should be included in the presentence report and may be considered by the judge in sentencing an adult offender. *McFarlin, supra*, p 575. We agree with the Court in *People v Baker*, 120 Mich App 89, 99; 327 NW2d 403 (1982), that complete information is necessary to set an individualized sentence and that rehabilitative goals would not be served by preventing a sentencing judge from considering information about a defendant's juvenile criminal history.

Further, MCR 5.913 provided for mandatory expungement only of the juvenile's court's own records. Defendant had not obtained an order expunging his juvenile records from the files of

law enforcement agencies. Those records were, therefore, legally available from other sources for inclusion in the presentence report. *In re Faketty*, 121 Mich App 266, 271-272; 328 NW2d 551 (1982).

Defendant also claims on appeal, as in his post-sentence motion, that his presentence report inaccurately reported his juvenile record. In his opinion denying defendant's motion, the sentencing judge considered defendant's claims of inaccuracies. The judge concluded that exclusion of defendant's juvenile record from the presentence report would not have affected the sentence imposed. The juvenile offenses concerned property offenses while defendant had four prior felony convictions including armed robbery and possession of a firearm in the commission of a felony. The judge reviewed defendant's juvenile record in response to defendant's assertion that this was his first drug offense. We are convinced that defendant's sentence would not have been different had his juvenile record not been included in the presentence report. We find no ground for resentencing.

Affirmed.