PEOPLE v PRICE

Docket Nos. 103787, 103788. Submitted February 11, 1988, at Detroit. Decided October 17, 1988.

> Neil Emmitt Price pled guilty of breaking and entering an unoccupied dwelling and larceny in a building, Iosco Circuit Court, J. Richard Ernst, J., and was sentenced to prison terms of eighty months to ten years and thirty-two months to four years. Defendant, who at the time of sentencing was thirty-one years old, moved for resentencing claiming that the trial court, in considering his juvenile record at sentencing, violated the court rule which provided that an individual's juvenile court delinquency records must be expunged when the individual reaches the age of twenty-seven. The trial court denied the motion. Defendant appealed.
>
> The Court of Appeals *held:*
>
> At the time of defendant's sentencing, the court rule on the expungement of juvenile court delinquency records, MCR 5.913, provided that an individual's juvenile record must be expunged at age twenty-seven. Thus, references to defendant's juvenile record, which were contained in his presentence report and relied upon by the trial court at sentencing, were improper. Defendant is entitled to a resentencing before a different judge and the presentence report shall be amended to exclude any reference to his juvenile record.
>
> Remanded for resentencing.

CRIMINAL LAW — SENTENCING — JUVENILE COURT RECORDS.

> A sentencing court may not consider the juvenile court delinquency records of a defendant who has attained the age at which expungement of such records is mandated by court rule (MCR 5.913, 5.925[E]).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependant Children § 56.

Consideration of accused's juvenile court record in sentencing for offense committed as adult. 64 ALR3d 1291.

*Caruso,* Solicitor General, *Gary W. Rapp,* Prosecuting Attorney, and *Tonatzin M. Alfaro Garcia,* Assistant Attorney General, for the people.

State Appellate Defender (by *Jennifer A. Pillette*), for defendant on appeal.

Before: KELLY, P.J., and HOOD and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. Defendant pled guilty to breaking and entering an unoccupied dwelling, MCL 750.110; MSA 28.305, and larceny in a building, MCL 750.360; MSA 28.592, and was sentenced to eighty months to ten years and thirty-two months to four years imprisonment, respectively. Defendant moved for resentencing on the ground that defendant's expunged juvenile record had been improperly considered by the trial court in imposing sentence. The motion was denied. Defendant appeals his sentence as of right. We remand for resentencing.

Former MCR 5.913, "Expungement of Records," now MCR 5.925(E), provided:

> The court may retain a child's juvenile court delinquency records other than those involving motor vehicle violations until the child is 27, when they must be expunged. The court may retain a child's motor vehicle citations and summonses until the child is 19, when they must be expunged. The court shall expunge neglect records 25 years after its jurisdiction over the last child in the family ends. The court may at any time order the expungement of its own files and records and any law enforcement agency files and records pertaining to a juvenile, including fingerprints and photographs, on a showing of good cause.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

At the time of his sentencing on August 12, 1986, defendant was thirty-one years of age. The Sentencing Information Report (SIR) contained defendant's entire juvenile record under defendant's "prior criminal record" history. The report stated that a prior Sentencing Information Report dated March 7, 1974, alleged defendant had committed "several acts of Breaking and Entering, Destruction of Property, and Larceny" and that defendant was determined to be a delinquent. The report continued that petitions had been filed against defendant in June, 1979, for breaking and entering, larceny and car theft as well as two petitions filed in November, 1979, for breaking and entering.

At sentencing, the trial judge noted that defendant "since [his] days as a juvenile" had "established a pattern" of criminal activity. Based on this information, the court indicated that defendant had a very poor prognosis for rehabilitation. The court made two additional references to defendant's criminal record in sentencing defendant and in justifying a departure from the sentencing guidelines. Although the guidelines recommended a minimum sentence range of eighteen to thirty-six months on defendant's breaking and entering conviction, the SIR recommended the maximum possible term of incarceration, the sentence which defendant received.

At sentencing, defendant made no objection to the inclusion in the SIR of his juvenile record. However, defendant timely moved for resentencing on March 9, 1987. See *People v Walker,* 428 Mich 261; 407 NW2d 367 (1987).

On appeal, defendant argues that the trial court erred in considering his juvenile record by reason of former MCR 5.913, which provided for mandatory expungement. We agree.

Although the general rule is that a defendant's juvenile record may be considered by a sentencing judge in imposing sentence for an adult offense, see *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973), our Supreme Court has, in no uncertain terms, placed a limit on the relevance of one's past juvenile record. Former MCR 5.913 provided an automatic mechanism by which the juvenile record of a former offender was expunged at the age of twenty-seven, the age at which an individual has been an "adult" for purposes of criminal penalty for a period of ten years. See MCL 712A.3; MSA 27.3178(598.3); MCR 5.903(A)(10). In our view, an unexpunged juvenile record may create a lifelong handicap because of the stigma it carries. We believe former MCR 5.913 was designed to remedy such a situation.

In *In re Faketty,* 121 Mich App 266; 328 NW2d 551 (1982), this Court discussed the use of a defendant's juvenile record by the Department of Corrections after mandatory judicial expungement pursuant to JCR 1969, 13. There, plaintiff petitioned the probate court for expunction of his juvenile record from the court's files and from the files of the Department of Corrections. The probate court granted plaintiff's petition as to the records maintained by the court but denied the petition as to the Department of Corrections. We affirmed, agreeing that the Department of Corrections was not a "law enforcement agency" within the meaning of the court rule. We also recognized that mandatory expunction applied to probate court records. *Id.,* p 272. In dissent, Judge BRENNAN also discussed the unavailability of expunged juvenile records to "the courts and other agencies" and stated "[s]ince the rule prohibits the courts from having access to the juvenile record at [the sentencing] stage, I think it naturally follows that the

rule was also intended to prohibit the Department of Corrections . . . from having access to the record." *Id.,* p 273. We agree with the dicta contained in the *Faketty* case that the court rule prohibits the courts from considering, at sentencing, a defendant's expunged juvenile record.

In the present case, we conclude that defendant's juvenile record was not relevant at sentencing and, accordingly, should not have been contained in the SIR. We remand this case for a resentencing before a different judge. In addition, defendant is entitled to an amended SIR in which the irrelevant information is to be stricken. See MCL 771.14(5); MSA 28.1144(5).

We find it unnecessary to address defendant's remaining issues. We do not retain jurisdiction.

Remanded for resentencing.