## PEOPLE v NEWSON

Docket No. 100446. Submitted June 9, 1988, at Lansing. Decided November 21, 1988.

Paul Newson, also known as Paul Newsome, was convicted of extortion and being a third-felony habitual offender following a bench trial in the Washtenaw Circuit Court. After imposing and vacating a sentence on the underlying charge, the trial court, Ross W. Campbell, J., sentenced defendant to twenty-six years and eight months to forty years imprisonment on the habitual offender conviction. Defendant appealed from his conviction and sentence.

The Court of Appeals *held:*

1. Defendant was fully apprised of the nature of the charge against him. The trial court did not err in granting the people's motion to amend the complaint to conform with the proofs at the close of the people's proofs.

2. The general waiver of a jury trial which defendant signed prior to trial on the underlying charge did not suffice to waive his right to a jury trial on the supplemental charge.

3. The Supreme Court's decision in *People v Stoudemire,* 429 Mich 262 (1987), which held that multiple convictions arising out of a single incident may only count as a single prior conviction for the purpose of the habitual offender statute, is to be given retroactive application. Defendant cannot be convicted as a third-felony habitual offender since the prior two felonies to which he pled guilty, prior to the issuance of *Stoudemire,* arose out of a single criminal transaction.

Defendant's conviction for extortion is affirmed, the conviction and sentence, under the habitual offender statute, for a

REFERENCES

Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 4, 6 *et seq.*

Am Jur 2d, Indictments and Informations §§ 171 *et seq.*

Am Jur 2d, Jury §§ 7, 72 *et seq.*

Withdrawal of waiver of right to jury trial in criminal case. 46 ALR2d 919.

See the Index to Annotations under Criminal Law; Habitual Criminals and Subsequent Offenders.

third felony are reversed, and the case is remanded for proceedings consistent with the opinion.

1. INDICTMENT AND INFORMATION — AMENDMENTS.

A defendant is not prejudiced by an amendment to cure a defect in the information where the original information was sufficient to inform the defendant of the nature of the charge against him; such amendment may be allowed any time before, during or after trial (MCL 767.76; MSA 28.1016).

2. CRIMINAL LAW — JURY TRIAL — WAIVER OF JURY TRIAL.

A defendant may waive his right to a trial by a jury; such waiver, in other than minor cases, must affirmatively appear on the record in open court, be in writing, be signed by the defendant and be filed in the case; the statutory waiver requirements are strictly construed and a waiver will not be inferred from a silent record (MCL 763.3; MSA 28.856).

3. CRIMINAL LAW — HABITUAL OFFENDERS — JURY — WAIVER OF JURY TRIAL.

A defendant has a right to a jury trial on an habitual offender charge; a general waiver of a jury trial signed prior to trial on the underlying charge does not waive the defendant's right to a jury trial on the supplemental charge (MCL 769.13; MSA 28.1085).

4. CRIMINAL LAW — HABITUAL OFFENDERS — MULTIPLE CONVICTIONS.

Multiple convictions arising out of a single incident may only count as a single prior conviction for the purpose of the habitual offender statute.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Don Ferris,* for defendant.

Before: DANHOF, C.J., and SAWYER and D. R. FREEMAN,* JJ.

D. R. FREEMAN, J. Following a bench trial, defendant was convicted of extortion, MCL 750.213;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 28.410, and being a third-felony habitual offender, MCL 769.11; MSA 28.1083. After imposing and vacating a sentence on the underlying charge, the trial court sentenced defendant to twenty-six years eight months to forty years in prison on the habitual offender conviction. Defendant appeals as of right from his conviction and sentence.

The extortion charge arose out of a threatening phone call made to Sally Crudder, in which the caller informed Crudder that he had been hired to kill her in exchange for $5,000. The caller explained that Crudder was thought to have seen something which she should not have seen. However, the caller could and would terminate the contract if Crudder would deliver $350 to his "brother" Paul Newsome, a resident of Huron Valley Men's Facility. The caller then stated that he would call again to arrange delivery of the money.

Crudder contacted the police, who tapped her phone lines before the promised call. The second call informed Crudder that the contract to kill her had been aborted and gave her detailed instructions on how to enter the prison with the money.

A female officer then took Crudder's place for the delivery of the money to defendant. The officer wore a transmitter, and the transaction was videotaped. When the officer asked defendant whether anyone was really going to hurt her, defendant stated that, if she did not pay him, they would.

Defendant was taken into custody and the money, which he attempted to swallow, was removed from his mouth. After initially denying placing the calls to Crudder, defendant admitted to making all of them.

Subsequently, a complaint was issued against defendant which charged that defendant "did ma-

liciously threaten to accuse Sally Crudder of a crime or offense."

After the preliminary exam, defendant was bound over for trial on the basis of the district court's finding that defendant threatened Crudder by phone to fulfill his contract to kill her if she did not pay the $350. The felony information filed in this matter repeated the erroneous language from the complaint. At the close of the people's proofs, defendant moved for a directed verdict and dismissal on the basis that the charge contained in the information had not been proven, since no evidence had been produced that defendant ever threatened to accuse Crudder of a crime. The people then moved to amend the complaint to conform with the proofs.

The trial court granted the people's motion and denied defendant's motion for directed verdict. The court believed defendant was not prejudiced or surprised by the charge as amended. It noted that the district judge had summarized the evidence against defendant at the conclusion of the preliminary exam and defendant was, therefore, fully informed concerning the basis of the charge against him. No timely motion to quash had been filed, and the trial court refused to dismiss based on an obvious scrivener's error on the information.

Defendant now claims he was denied due process by the trial court's granting of the people's motion to amend. We disagree.

A person is guilty of extortion if he threatens either to injure or to accuse another of a crime in order to obtain some benefit. MCL 750.213; MSA 28.410. In the present case, no question ever existed about which of these possibilities supported the charge. Had such a question existed, a timely motion to quash could and should have been brought.

This case does not present a mid-trial amendment to the information to include a different offense. See *People v Price,* 126 Mich App 647; 337 NW2d 614 (1983). Where the original information is sufficient to inform a defendant of the nature of the charge against him, the defendant is not prejudiced by an amendment to cure a defect in the information. *People v Covington,* 132 Mich App 79, 86; 346 NW2d 903 (1984), lv den 419 Mich 917 (1984). Such an amendment may be allowed any time before, during or after trial. MCL 767.76; MSA 28.1016, *People v Mahone,* 97 Mich App 192, 195; 293 NW2d 618 (1980). However, the information may not be amended in derogation of a defendant's right to be fairly apprised of the charge against him.

Where, as here, a defendant is present for a preliminary exam, at the conclusion of which the magistrate fully articulates the factual basis for granting a bindover to circuit court, we cannot say that defendant was not fully apprised of the nature of the charge against him. We find no error on this issue.

Defendant next argues that his waiver of a jury trial on the underlying offense was insufficient to act as a waiver of his right to a jury on the habitual offender charge. We agree.

Pursuant to MCL 763.3; MSA 28.856, a defendant has a statutory right to waive a trial by jury and elect a bench trial. However, any such waiver in other than minor cases must affirmatively appear on the record in open court, be in writing, be signed by the defendant and be filed in the case. A defendant has a right to a jury trial on an habitual offender charge. MCL 769.13; MSA 28.1085. In the instant case, defendant signed a waiver prior to trial on the underlying charge. The waiver form

did not specify for which charges defendant waived this important right.

The statutory waiver requirements are strictly construed and a waiver will not be inferred from a silent record. *People v Leggions,* 149 Mich App 612, 619; 386 NW2d 614 (1986), lv den 426 Mich 863 (1986). Defense counsel may not waive his client's right to a jury trial. *Id.* In *People v Marcellis,* 105 Mich App 662, 664-665, 670; 307 NW2d 402 (1981), lv den 414 Mich 932 (1982), a panel of this Court agreed that a general waiver of a jury trial signed prior to trial on the underlying charge is not sufficient to satisfy the statutory requirement of a written waiver on a supplemental charge. We agree with the panel in *Marcellis* and hold that the general waiver which defendant signed prior to trial did not suffice to waive his right to a jury trial on the supplemental charge.

Defendant next challenges his conviction of being a third-felony habitual offender on the grounds that his two prior felony convictions arose out of one criminal transaction.

At the time of trial, defendant had previously pled guilty to kidnapping and unlawfully driving away an automobile. These charges arose out of a single criminal transaction. The prosecutor relies on this Court's decision in *People v Stoudemire,* 140 Mich App 687; 365 NW2d 214 (1985), rev'd 429 Mich 262; 414 NW2d 693 (1987), which held that multiple convictions arising out of a single incident may count as multiple prior convictions for the purpose of the habitual offender statute.

The prosecutor acknowledges that the Supreme Court's decision in *Stoudemire* held that multiple convictions arising out of a single incident may only count as a single prior conviction for the purpose of the habitual offender statute.

However, the prosecutor argues that the Su-

preme Court's decision should not be given retroactive effect inasmuch as the defendant's convictions occurred prior to the issuance of the *Stoudemire* decision.

We disagree with that conclusion.

*Stoudemire* represents an interpretation of legislative intent and does not establish a new rule of law.

As stated in *People v Gay,* 407 Mich 681, 706; 289 NW2d 651 (1980):

> However, when non-procedural or substantive rights of a fundamental nature are affected, they are normally to be accorded retrospective application.

The issue of proceedings under the habitual offender statute involves substantive rights and should be resolved by retroactive application.

Consistent with this conclusion, the conviction for extortion is affirmed.

Defendant's conviction and sentence, under the habitual offender statute, for a third felony, are reversed.

Remanded for proceedings consistent with this opinion. We do not retain jurisdiction.