PEOPLE v SMITH

Docket No. 105833. Submitted September 6, 1989, at Lansing. Decided November 20, 1989. Leave to appeal applied for.

Ricky Franklin Smith pled guilty in Oakland Circuit Court to charges of breaking and entering and being an habitual offender, fourth offense. He was sentenced as an habitual offender to six to thirty years in prison, Richard D. Kuhn, J. Defendant appealed.

The Court of Appeals *held:*

Defendant is entitled to resentencing because the presentence information report contained references to his juvenile criminal record which had been automatically expunged pursuant to the court rules. Defendant's convictions are affirmed, his sentence is vacated, and the case is remanded for resentencing. References to defendant's juvenile record must be stricken from the presentence information report and not otherwise considered in determining defendant's sentence.

Remanded for resentencing.

SAWYER, J., dissented. He would hold that a defendant's juvenile history should be included in the presentence report and may be considered by the judge at sentencing. He would affirm.

CRIMINAL LAW — SENTENCING — JUVENILE COURT RECORDS.

A sentencing court may not consider the juvenile court criminal records of a defendant who has attained the age at which expunction of such records is mandated by court rule (MCR 5.925[E]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief,

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 59.

Consideration of accused's juvenile court record in sentencing for offense committed as adult. 64 ALR3d 1291.

Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and SAWYER and CAVANAGH, JJ.

MICHAEL J. KELLY, P.J. Defendant pled guilty to charges of breaking and entering, MCL 750.110; MSA 28.305, and being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced as an habitual offender to six to thirty years imprisonment. Defendant appeals from his sentence as of right. We affirm the convictions, vacate his sentence and remand for resentencing.

Defendant argues that he is entitled to resentencing because the presentence information report (PSIR) contained references to defendant's juvenile criminal record which had automatically been expunged pursuant to former MCR 5.913, now MCR 5.925(E). We agree.

Panels of this Court have considered this issue before, with different conclusions. In *People v Price,* 172 Mich App 396, 399-400; 431 NW2d 524 (1988), one panel found that a juvenile record automatically expunged pursuant to MCR 5.913 could not be considered by the trial court at sentencing. In *People v Jones,* 173 Mich App 341, 343; 433 NW2d 829 (1988), another panel concluded that an expunged juvenile record could be considered at sentencing and included in the PSIR.

We find that *Price* presents the better-reasoned approach to this question. MCR 5.913 provides for the automatic expunction of juvenile convictions. This expunction is delusive and purposeless if law

enforcement agencies may continue to use supposedly expunged records against a defendant to his prejudice. Following the *Jones* approach effectively subverts MCR 5.913.

Due to the reference to defendant's expunged juvenile criminal record, defendant's sentence must be vacated and this case remanded for resentencing. We order that references to defendant's juvenile record be stricken from the PSIR and not otherwise considered in determining defendant's sentence.

Since we are remanding this case for resentencing, it is not necessary to consider defendant's remaining issues on appeal.

Remanded for resentencing consistent with this opinion.

CAVANAGH, J., concurred.

SAWYER, J. *(dissenting)*. I respectfully dissent.

Unlike the majority, I believe that *People v Jones,* 173 Mich App 341; 433 NW2d 829 (1988), represents the better-reasoned analysis.

I would affirm.