PEOPLE v BENTLEY

Docket No. 126773. Submitted March 15, 1990, at Lansing. Decided
     July 3, 1990.
     Terry W. Bentley was convicted on his plea of guilty in Huron
          Circuit Court, M. Richard Knoblock, J., of third-degree criminal
          sexual conduct and was sentenced to a prison term of from ten
          to fifteen years. Defendant appealed. The Court of Appeals
          remanded for resentencing on the basis of the trial court's
          consideration of defendant's expunged juvenile record. Unpub-
          lished opinion per curiam of the Court of Appeals, decided
          October 19, 1989 (Docket No. 112918). The prosecution sought
          leave to appeal to the Supreme Court, which, in lieu of grant-
          ing leave, reversed the judgment of the Court of Appeals and
          remanded for reconsideration of defendant's remaining issues.
          434 Mich 880 (1990).
          On remand, the Court of Appeals held:
          The trial court did not abuse its discretion by imposing the
     sentence which it did. The sentence imposed does not amount
     to cruel and unusual punishment.
          Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *Karl E. Kraus,* Prosecut-
ing Attorney, and *Tonatzin M. Alfaro Garcia,* As-
sistant Attorney General, for the people.

*Allsopp, Fitzgerald & Kolka, P.C.* (by *Arthur M.
Fitzgerald*), for defendant.

Before: MICHAEL J. KELLY, P.J., and SAWYER and
CAVANAGH, JJ.

PER CURIAM. Defendant pled guilty to third-de-
gree criminal sexual conduct, MCL 750.520d(1)(a);
MSA 28.788(4)(1)(a), and was sentenced to ten to
fifteen years imprisonment. Defendant appealed as
of right.

On October 19, 1989, the Court in an unpublished opinion remanded to the trial court for resentencing in light of defendant's claim that the trial court improperly considered his expunged juvenile record in imposing sentence. On February 28, 1990, the Supreme Court, in lieu of granting leave to appeal, reversed that part of our opinion by finding that the trial court had not improperly considered defendant's expunged juvenile record, and this Court was ordered to consider defendant's remaining issues.

The Supreme Court's order does not refer to *People v Price,* 172 Mich App 396; 431 NW2d 524 (1988), or *People v Jones,* 173 Mich App 341; 433 NW2d 829 (1988), lv den 432 Mich 909 (1989), so the conflict on our Court remains unresolved, but the order noted that defendant Bentley "did not object to the inclusion of his juvenile conviction at sentencing or in a subsequent trial court motion." 434 Mich 880, 881 (1990).

We have reviewed defendant's two remaining issues, namely, that the trial court abused its discretion relative to the sentence imposed and that the sentence amounted to cruel and unusual punishment. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). We find no error. The sentence imposed in this case is affirmed.