PEOPLE v NEWSON (AFTER REMAND)

Docket No. 123676. Submitted December 13, 1990, at Lansing. De-
    cided February 19, 1991, at 9:30 A.M. Leave to appeal sought.

Paul Newson was convicted of extortion and of being an habitual
    offender, third offense, following a bench trial in the Washte-
    naw Circuit Court, Ross W. Campbell, J., and was sentenced to
    twenty-six years and eight months to forty years in prison. The
    Court of Appeals reversed the habitual offender conviction and
    sentence and remanded the case on the grounds that the
    defendant had not waived his right to a jury trial on the
    habitual offender charge and that the defendant could not be
    charged as a third-time felony offender because the two prior
    felonies arose out of a single criminal transaction. 173 Mich
    App 160 (1988). On remand, the jury convicted the defendant of
    being an habitual offender, second offense, and he was sen-
    tenced to twenty to thirty years in prison. The defendant
    appealed.

The Court of Appeals *held*:

The defendant's sentence is proportionate to the circum-
stances surrounding both him and the offense, and the trial
court stated sufficient reasons for the sentence imposed. How-
ever, because where it is apparent that a sentence was prem-
ised, even in part, on a defendant's expunged juvenile record
resentencing is required and because the record in this case is
unclear with respect to whether the defendant's expunged
juvenile record as reflected in the presentence report influenced
the sentencing decision, remand is required. On remand, if it is
determined that the sentence was premised, even in part, on
the defendant's expunged juvenile record, the sentence must be
vacated and the defendant resentenced; if not, the sentence is
to be affirmed. The trial court also must strike from the
presentence report the references to the defendant's expunged
juvenile record. Finally, information contained in the presen-
tence report and challenged as inaccurate by the defendant
must be stricken from the presentence report if it was disre-
garded by the trial court in sentencing the defendant.

Remanded.

GILLIS, J., dissenting in part, stated that the defendant's
conviction and sentence should be affirmed. A defendant's

juvenile history should be included in the presentence report and considered by the judge at sentencing, because complete information is necessary to individualize a sentence and the goal of rehabilitating the defendant would not be served by preventing the sentencing judge from considering information about the defendant's juvenile criminal history. The case should be remanded so that the trial court could strike from the presentence report information it disregarded.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*), for the defendant on appeal.

### AFTER REMAND

Before: SHEPHERD, P.J., and GILLIS and CAVANAGH, JJ.

CAVANAGH, J. Following a bench trial, defendant was convicted of extortion, MCL 750.213; MSA 28.410, and of being a third-time felony offender, MCL 769.11; MSA 28.1083. He was sentenced to from twenty-six years and eight months to forty years in prison. He appealed as of right, and this Court reversed his habitual offender conviction because he had not waived his right to a jury trial on that charge. *People v Newson,* 173 Mich App 160; 433 NW2d 386 (1988). This Court further held that he was improperly charged as a third-time felony offender, given our Supreme Court's decision in *People v Stoudemire,* 429 Mich 262; 414 NW2d 693 (1987).

Following a jury trial on the new charge of being a second-time felony offender, MCL 769.10; MSA 28.1082, defendant was convicted and subse-

quently sentenced to from twenty to thirty years in prison. In this appeal, brought as of right, defendant claims that his sentence should shock our conscience. He also contends that the sentencing court failed to adequately articulate the reasons for the sentence imposed, improperly considered his expunged juvenile record, and failed to strike from the presentence report information that was disregarded. We agree in part and remand this case to the trial court.

With regard to defendant's first two claims, after reviewing the record, we find defendant's sentence proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990). We also find that the sentencing court did state sufficient reasons for the sentence imposed. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Regarding defendant's next claim, although this Court is divided with respect to whether resentencing is required when the presentence information report contains references to a defendant's expunged juvenile criminal record, compare *People v Smith,* 181 Mich App 223; 448 NW2d 794 (1989), lv gtd 434 Mich 901 (1990), and *People v Price,* 172 Mich App 396; 431 NW2d 524 (1988), with *People v Jones,* 173 Mich App 341; 433 NW2d 829 (1988), we agree with the reasoning of *Smith* that expunction would be purposeless if law enforcement agencies could continue to use the expunged records to the defendant's prejudice. We are also sympathetic to the concern raised in *In re Faketty,* 121 Mich App 266, 273; 328 NW2d 551 (1982) (BRENNAN, J., dissenting), that an individual's juvenile record in the possession of the Department of Corrections becomes a factor in the department's decision making.

However, in this case, in order to entitle the defendant to resentencing, the record must show that the sentence defendant received was premised, even in part, on his expunged criminal record. See *People v Bentley,* 434 Mich 881; 452 NW2d 207 (1990), and *People v Brown,* 186 Mich App 350, 359; 463 NW2d 491 (1990). Because the record is unclear on this point, we remand this case for a hearing to determine whether the references in the presentence information report to the defendant's juvenile criminal record influenced the sentencing decision. If it is determined at this hearing that defendant's sentence was premised, even in part, on his expunged juvenile record, the sentence is to be vacated and the trial court is ordered to resentence the defendant. If it is determined that defendant's juvenile record played no part in the sentencing decision, his sentence is affirmed. Furthermore, we order the trial court to strike the references to defendant's juvenile record from the presentence information report. MCL 771.14(5); MSA 28.1144(5).

With regard to defendant's final claim, we must agree that when the sentencing court disregards information challenged as inaccurate in the presentence report, the disregarded information must be stricken from the presentence report. *People v Swartz,* 171 Mich App 364, 379-381; 429 NW2d 905 (1988).

Remanded for further proceedings consistent with this opinion and for the entry of an amended presentence information report. We retain no further jurisdiction.

SHEPHERD, P.J., concurred.

GILLIS, J. *(concurring in part and dissenting in part).* While I agree with the majority's resolution

of the remaining issues, I dissent because I agree with the holding in *People v Jones,* 173 Mich App 341; 433 NW2d 829 (1988). Hence, I would affirm defendant's conviction and sentence, but would remand so that the circuit court could strike from the presentence report the information it disregarded.