PEOPLE v THOMPSON

Docket No. 123499. Submitted April 3, 1991, at Detroit. Decided May 6, 1991, at 10:30 A.M. Leave to appeal sought.

Tandy R. Thompson was convicted following a jury trial in the Detroit Recorder's Court, Dalton A. Roberson, J., of assault with intent to commit armed robbery and possession of a firearm during the commission of a felony. The defendant appealed, contending that his felony-firearm conviction cannot stand because the handgun he used was inoperable in that it had a broken hammer and that he is entitled to resentencing because the court failed to resolve a claimed inaccuracy in the presentence report.

The Court of Appeals *held:*

1. Operability of the firearm is not an element of the offense of possession of a firearm during the commission of a felony. The conviction was not infirm.

2. The trial court failed to resolve the defendant's challenge to a claimed inaccuracy in the presentence report. The case must be remanded for the court to clarify whether the disputed matter played a role in its sentencing decision. If it did, the defendant must be resentenced and the court must resolve the challenge pursuant to MCR 6.425(D)(3). If the disputed matter played no part in the sentencing decision, the sentence must be affirmed and the disputed matter struck from the presentence report.

Affirmed in part and remanded.

FITZGERALD, J., dissenting from the majority's conclusion that operability of a firearm is not an element of the offense of possession of a firearm during the commission of a felony, stated that the felony-firearm conviction should be reversed because the defendant's handgun had a broken hammer which could not readily be repaired.

CRIMINAL LAW — FELONY-FIREARM — OPERABILITY OF FIREARM.

Operability of a firearm is not an element of the offense of

REFERENCES

Am Jur 2d, Weapons and Firearms § 9.

Fact that gun was broken, dismantled, or inoperable as affecting criminal responsibility under weapons statute. 81 ALR4th 745.

possession of a firearm during the commission of a felony (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Don W. Atkins,* Principal Attorney, Appeals, for the people.

*Mark R. Hall (James C. Hall,* of Counsel), for the defendant on appeal.

Before: DANHOF, C.J., and GRIFFIN and FITZGERALD, JJ.

GRIFFIN, J. Following a jury trial, defendant was convicted of one count of assault with intent to commit armed robbery, MCL 750.89; MSA 28.284, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to six to fifteen years for the assault conviction and a mandatory two years for the felony-firearm conviction. Defendant appeals as of right.

In his first argument on appeal, defendant contends that because the handgun he used was inoperable in that it had a broken hammer, his conviction of felony-firearm cannot stand. We disagree. Operability is not and has never been an element of felony-firearm. *People v Poindexter,* 138 Mich App 322, 333; 361 NW2d 346 (1984); also see *People v Garrett,* 161 Mich App 649, 653; 411 NW2d 812 (1987), and *People v Pierce,* 119 Mich App 780; 327 NW2d 359 (1982). To the extent *People v Huizenga,* 176 Mich App 800; 439 NW2d 922 (1989), can be read to require otherwise, we reject its reasoning. It has long been the practice of this Court to apply a reasonable interpretation of the felony-firearm statute in order to sustain

the deterrent effect intended by the Legislature. See *People v Hill,* 433 Mich 464, 473-477; 446 NW2d 140 (1989).

Defendant next contends that he is entitled to resentencing because the trial court failed to resolve a claimed inaccuracy in the presentence report. At sentencing, the following exchange occurred:

> *The Court:* Mr. Collins, time and date set for sentencing. Have you reviewed the presentence report for errors, additions, corrections?
> *Mr. Collins [defense counsel]:* Yes, Your Honor.
> *The Court:* Anything you'd like to bring to my attention?
> *Mr. Collins:* There is only one correction in the report. It states that Mr. Thompson, while a juvenile, based on what he said, fired a shot at a police officer.
> *The Court:* That's what it says.
> *Mr. Collins:* Correct. He informs me that he informed the probation officer that he was in a car as a juvenile and an officer fired a shot at him. And I believe that report reflects he has no juvenile record.
> *The Court:* No. It says that he's overage, and therefore the record is destroyed. He might have a juvenile record; he might not. But because he's overage, the juvenile people destroy those things. And you're telling me, I guess, Miss MacLeod is sufficiently dimwitted that she doesn't understand the difference between a police officer shot at me versus I shot at a police officer.
> *Mr. Collins:* By no means am I saying that at all, Your Honor. I just respectfully ask the court to disregard that segment of the presentence report based on what Mr. Thompson had informed me. That notwithstanding that, the facts are factually accurate.

We agree with defendant that the trial court

failed to resolve his challenge. Therefore, we remand this case to the trial court for further proceedings. On remand, the court need only clarify whether the disputed matter played a role in its sentencing decision. If the court determines that it did, defendant shall be resentenced and the court shall resolve the challenge pursuant to MCR 6.425(D)(3). If it is determined that the disputed matter played no part in the sentencing decision, defendant's sentence is affirmed and the trial court need only strike the disputed matter from the presentence report. See *People v Newson (After Remand)*, 187 Mich App 447; 468 NW2d 249 (1991).

Affirmed in part, and remanded. We do not retain jurisdiction.

DANHOF, C.J., concurred.

FITZGERALD, J. *(dissenting in part)*. I respectfully dissent from the majority's conclusion that operability is not an element of felony-firearm for the reasons stated in *People v Huizenga,* 176 Mich App 800; 439 NW2d 922 (1989) (a pistol as defined under the concealed weapons statute must be operable), and *People v Sanchez,* 98 Mich App 562, 567; 296 NW2d 312 (1980), (M. F. CAVANAGH, J., dissenting). The testimony established that the firearm which defendant carried had a broken hammer which could not be readily repaired. Defendant's conviction for felony-firearm should be reversed.