*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN RONALD ESPIE,

        Defendant-Appellant.

UNPUBLISHED
April 09, 2026
10:04 AM

No. 362870
Shiawassee Circuit Court
LC No. 1999-002999-FC

## ON REMAND

Before: SWARTZLE, P.J., and PATEL and GARRETT, JJ.

PER CURIAM.

This case returns to this Court after remand to the trial court. Defendant was convicted of first-degree premeditated murder and sentenced to mandatory life without parole resulting from a murder that occurred when defendant was 16 years old. After the United States Supreme Court decided *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), defendant was resentenced to 40 to 60 years' imprisonment. See MCL 769.25a(4)(c).

Defendant appealed his resentencing, and this Court held that the trial court erred by failing to order certain corrections to defendant's presentence investigation report (PSIR). *People v Espie*, unpublished per curiam opinion of the Court of Appeals, issued April 25, 2024 (Docket No. 362870) (*Espie I*), p 3-6. Because it was unclear whether the improperly included information in the PSIR affected defendant's sentence, this Court remanded the case to the trial court for clarification. *Id.* at 6. If the trial court determined that the information affected its decision, then defendant was entitled to resentencing; if the information did not affect the sentence, then the trial court only needed to correct the PSIR. *Id.* This Court did not retain jurisdiction and did not address proportionality. *Id.* at 4, 8.

Defendant applied for leave to appeal to the Michigan Supreme Court, which vacated in part this Court's order in *Espie I*. *People v Espie*, ___ Mich ___, ___ (2025) (Docket No. 167361) (*Espie II*); slip order at 1. Our Supreme Court directed us to retain jurisdiction while remanding to the trial court for further proceedings in order to review defendant's proportionality claim. *Id.*

All other aspects of defendant's application for leave to appeal were denied. *Id.* Following the Supreme Court's directive, this Court remanded the case to the trial court to make the necessary findings and retained jurisdiction. *People v Espie*, unpublished order of the Court of Appeals, entered April 16, 2025 (Docket No. 362870) (*Espie III*). On remand, the trial court made the corrections to the PSIR, found that its sentencing decision was not affected by information erroneously included in the PSIR at the time, declined to resentence defendant, and concluded the remand.

After remand, defendant argues that the trial court erred by not resentencing defendant because the trial court used erroneously included information in the PSIR. We review for an abuse of discretion the trial court's decision on sentencing. *People v Skinner*, 502 Mich 89, 131; 917 NW2d 292 (2018). The trial court abused its discretion if its decision "falls outside the range of reasonable and principled outcomes" or the trial court made an error of law. *People v Wiley*, 324 Mich App 130, 165; 919 NW2d 802 (2018). If errors in the PSIR played a role in the trial court's sentencing decision, then the trial court must resentence defendant; otherwise, the trial court may affirm defendant's sentence. *People v Thompson*, 189 Mich App 85, 88; 472 NW2d 11 (1991).

Here, the trial court complied with this Court's order when it stated that the erroneously included information did not affect defendant's sentence. The Court determined in its last opinion that it was unclear from the record whether the improper information from the PSIR contributed to the trial court's sentencing decision and therefore remanded for clarification. *Espie I*, unpub op at 6; *Espie III*, unpub order at 1 (ordering the trial court to "determine if the pertinent improperly considered information affected its sentencing decision"). The trial court stated that the improper information did not affect its decision. The trial court did not have to prove or provide additional explanation to this Court to support that the erroneously included information did not affect its decision.

Defendant argues that the trial court's statements during resentencing suggested that the improper information played a role in its sentencing decision. Although the trial court may have considered the information when it resentenced defendant, that does not necessarily mean that the information affected or played a role in the trial court's decision. See *People v Maben*, 313 Mich App 545, 556; 884 NW2d 314 (2015) ("It is unclear to what extent the trial court may have relied on the challenged information in sentencing."). Because it was unclear to this Court whether the trial court relied on the information when coming to its decision, we remanded for clarification. The trial court has now provided the requested clarification when it stated that it did not use the information when it sentenced defendant. Therefore, the trial court did not abuse its discretion when it did not resentence defendant based on the improper information in the PSIR because it has now made clear that the trial court did not rely on such information in its original sentencing.

Furthermore, defendant renews his argument that the sentence was not proportional because the trial court improperly disregarded defendant's youth as a mitigating factor. For proportionality, defendant's sentence must be tailored to the particular circumstances of defendant and his case, considering (1) reformation of defendant, (2) protection of society, (3) discipline of defendant, and (4) deterrence of others from committing like offenses, while also considering how defendant's youth affects these factors. *People v Boykin*, 510 Mich 171, 183, 188-189; 987 NW2d 58 (2022). Further, the trial court must consider youth and its correlating characteristics as "potentially mitigating factors" and not aggravating factors. *People v Eads*, __ Mich App __, __;

__ NW3d __ (2025) (Docket No. 357332); slip op at 15, lv gtd 25 NW3d 118 (2025). The trial courts are not required to "articulate their bases for considering an offender's youth" if the defendant is sentenced to a term of years. *Boykin*, 510 Mich at 190.

The trial court here did not overlook defendant's youth as a mitigating factor and did not improperly consider it as an aggravating factor. Based on the premeditation evidence presented, the trial court found that the "impulsivity of youth [did not play] a significant role in these offenses." The trial court's statements indicate that it reviewed defendant's youth and considered impulsivity connected to youth as a potentially mitigating factor. But the trial court found that evidence of premeditation called into question the reliability of evidence of mitigation, including mitigation related to defendant's youth. The trial court did not use defendant's youth as an aggravating factor. Instead, the trial court considered the goals of punishment and deterrence, the *Miller*[1] factors, the *Snow*[2] factors, and the principles of proportionality, in addition to considering defendant's youth at the time of the offense. After making such considerations, the trial court sentenced defendant to a proportional sentence that was not an abuse of its discretion.

Affirmed.

/s/ Brock A. Swartzle
/s/ Sima G. Patel
/s/ Kristina Robinson Garrett

---

[1] *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012).

[2] *People v Snow*, 386 Mich 586; 194 NW2d 314 (1972).